# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1345V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| | \* | |
| BENJAMIN HARVEY, | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed:  February 3, 2026 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Benjamin P. Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 8, 2020, Candace and Shawn Harvey filed a petition on behalf of their then-minor son, Benjamin Harvey, seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] (Upon reaching the age of majority, Benjamin Harvey was substituted as Petitioner herein). Petitioner alleged that he suffered migraines and new, daily-persistent headaches that were caused-in-fact by his receipt of an influenza vaccine administered on October 10, 2017. A one-day entitlement hearing was held in Washington, D.C. on January 17, 2024, but the parties successfully settled the case thereafter, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Jan. 2, 2025 (ECF No. 79).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Oct. 2, 2025 (ECF No. 85) ("Mot."). This is Petitioner's sole such request. Petitioner requests a total of $109,120.99 in attorney's fees and costs ($88,959.25 in fees, plus $20,161.74 in costs) for the work of attorneys and paralegals at Conway, Homer, P.C. Mot. at 2. The requested costs include Petitioner's unreimbursed litigation costs, which are discussed in greater detail below. Respondent reacted to the fees request on October 9, 2025. *See* Response, dated Oct. 9, 2025 (ECF No. 87) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$104,013.09**.

## I.      Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| **Joseph Pepper (Attorney)** | $355.00 | $355.00 | $415.00 | $455.00 | $485.00 | $516.00 |
| **Christina Ciampollilo (Attorney)** | $380.00 | $380.00 | $425.00 | $470.00 | -- | -- |
| **Meredith Daniels (Attorney)** | $350.00 | $350.00 | $410.00 | $455.00 | -- | -- |
| **Ronald Homer (Attorney)** | $447.00 | $447.00 | $475.00 | $500.00 | $525.00 | $567.00 |
| **Lauren Faga (Attorney)** | -- | $330.00 | -- | -- | -- | -- |
| **Patrick Kelly (Attorney)** | -- | -- | $250.00 | $305.00 | $345.00 | $380.00 |
| **Nathaniel Enos (Attorney)** | -- | -- | -- | -- | $360.00 | $390.00 |
| **Paralegals** | $155.00 | $155.00 | $170.00 | $185.00 | $195.00 | $207.00 |
| **Law Clerks** | -- | -- | -- | $195.00 | -- | -- |

Mot., Tab A at 1–37.

The attorneys at Conway, Homer, P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid at forum rates, as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-396V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested are also consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special Masters' fee schedule.[3] *See Guzman v. Sec'y of Health & Hum. Servs.*, No. 22-957V, 2025 WL 1891419 (Fed. Cl. Spec. Mstr. June 9, 2025); *Jackman v. Sec'y of Health & Hum. Servs.*, No. 21-684V, 2025 WL 2659100 (Fed. Cl. Spec. Mstr. Aug. 13, 2025). I thus find no cause to reduce them in this instance.

However, I find a minor reduction in the total amount of fees to be awarded appropriate, solely in connection with work performed in October 2022 preparing Petitioner's expert report from Dr. Kevin Shapiro. This reduction is the result of Petitioner's unreasonable and unjustifiable delay in filing his report (*see* October 6, 2022 docket entry scheduling order). I extended the deadline to file the long-overdue report to the end of that month, and it was then filed (ECF No. 41), but counsel's dilatory conduct still warrants a penalty. I will therefore apply a thirty percent

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Feb. 3, 2026).

reduction to time billed (as reflected in the filed invoices) to the preparation and filing of Dr. Shapiro's report during the time it was overdue—amounting to a reduction of **$531.60**.[4]

## II.       Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $20,114.54 in outstanding costs, including the filing fee, medical record retrieval costs, medical literature costs, mailing costs, travel costs associated with the hearing, and costs associated with the work of one expert, Kevin A. Shapiro, M.D., Ph.D. Mot. at 38–40. Dr. Shapiro prepared two written reports and testified on behalf of Petitioner. He submitted an invoice reflecting a total amount of $15,650.00 (21 hours of work billed at $650.00 per hour, minus a $2,000.00 retainer fee). *See* Supplemental Documentation (ECF No. 88) at 4.[5] This rate is acceptable—although I will similarly apply a thirty percent reduction for the dilatory nature in preparing and filing this report. This reduces the amount to be awarded for Dr. Shapiro's work by **$1,657.50**.[6]

Petitioner also seeks $47.20 in unreimbursed litigation costs, including medical record retrieval costs. Mot. at 87–91. Such costs are typical in Program cases, were reasonably incurred in this matter, and are not duplicative sums billed by Petitioner's counsel. These costs are thus appropriately included in this award.

---

[4] Between October 6–31, 2022, Mr. Pepper billed three hours (at an hourly rate of $415.00) for work performed on the expert report, and paralegal staff billed 3.1 hours (at an hourly rate of $170.00). Mot. at 27. The reduction is calculated as follows: (($415.00 x 3 hours = $1,245.00) + ($170.00 x 3.1 hours = $527.00)) = $1,772.00 x .3 = $531.60.

[5] On November 18, 2025, Petitioner filed a Motion to Amend/Correct Previously Filed Application for Fees and Costs, stating that he inadvertently neglected to include a copy of Dr. Shapiro's itemized invoice within his application. A copy of which was provided as an accompanying attachment to the motion.

[6] Dr. Shapiro billed 8.5 hours at an hourly rate of $650.00. ECF No. 88 at 4. The reduced amount is calculated as follows: ($650.00 x 8.5 hours = $5,525.00) x .3 = $1,657.50.

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$104,013.09**, reflecting (a) $103,965.89 in attorney's fees and costs; and (b) $47.20 in Petitioner's unreimbursed litigation costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

    **IT IS SO ORDERED.**


                                        /s/ Brian H. Corcoran
                                        Brian H. Corcoran
                                        Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

5